**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
:
EMMANUEL GOVIA                                              :     **SCHEDULING ORDER**
                                                            :     **IN SOCIAL SECURITY CASE**
                     Plaintiff,                             :
                                                            :
        -against-                                           :     22-CV-6497 (JLR) (OTW)
                                                            :
KILOLO KIJAKAZI, Acting Commissioner of                     :
Social Security                                             :
                                                            :
                     Defendant.                             :
                                                            :
------------------------------------------------------------X

**ONA T. WANG, United States Magistrate Judge:**

**I.      Introduction**

   This case has been referred to me for a report and recommendation. (ECF 14). Plaintiff, who is represented by counsel, has brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a denial of social security disability benefits. This Scheduling Order supersedes any prior scheduling orders entered in this action.

**II.     Mandatory Settlement Procedures**

   The parties shall engage in reasonable good faith settlement negotiations to resolve the matter. The purpose of this requirement is to encourage the parties to engage in the early identification of cases that might be amenable to resolution before significant counsel and judicial resources are expended, and to ensure prompt handling of Plaintiff's complaint. **Within 45 days of the filing of the Administrative Record, i.e., by February 17, 2023**, one of the following actions shall occur:

   1.   The parties shall electronically file a stipulation dismissing, remanding, or otherwise resolving the case; or

   2.   The parties shall electronically file a joint letter advising the Court that the parties have been unable to resolve the case and are proceeding to prepare the Joint Stipulation described in section III below.

   Any stipulation entered between the parties including, but not limited to, a remand to the Commissioner of Social Security for further proceedings must be approved by the Court.

The parties are advised that a remand to the Commissioner for further proceedings is not necessarily a final disposition of the case, and Plaintiff may be entitled to seek further review of any additional proceedings before the Commissioner.

### III. Joint Stipulation (in lieu of Motion for Judgment on the Pleadings)

If the parties are unable to resolve the matter after the exchange discussed above, the Court directs that—rather than proceed in the usual fashion in this District, in which the Plaintiff submits a motion for judgment on the pleadings and the Commissioner responds to that motion—the parties prepare a Joint Stipulation as described below. The Court's decision in this case will be made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court will determine which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

<u>The parties shall cooperate in preparing the Joint Stipulation, and sanctions may be imposed for any failure to cooperate.</u> A Joint Stipulation that is not signed by counsel for both parties may be rejected and returned to counsel. A Joint Stipulation that is electronically filed but not prepared in the manner required by this Scheduling Order may be stricken, in which case the parties will be required to cure the defects by filing an Amended Joint Stipulation.

#### A. Content of Joint Stipulation

The Joint Stipulation shall include a brief summary of the procedural history, a statement of the facts, a statement of the disputed issues, the parties' contentions with respect to each disputed issue, and the parties' statements of the relief requested. Any issue not raised in the Joint Stipulation may be deemed to have been waived. The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards. Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue.[1] When citing relevant cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon. The parties shall also specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the Administrative Record for all evidence relied upon [*i.e.*, "Tr. ___"]. In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or other

---

[1] The parties should cite only controlling case authority, i.e., decisions of the United States Supreme Court or the Second Circuit Court of Appeals. If there is no controlling authority, decisions of other courts may be cited.

2

standard reference work.  The parties may not supplement the record beyond the definition of technical terms.

    B.    <u>Form of Joint Stipulation</u>

The Joint Stipulation shall be prepared in the following format:

    1.    <u>Summary of Procedural History</u>

Plaintiff shall provide the Commissioner a statement of the course of proceedings of this matter before the Social Security Administration and any previous proceedings in the federal courts, including citations to the page number(s) of the transcript or the docket number of the court file at which each decision by the ALJ, the Appeals Council, or a federal court can be found. The statement shall also include a substantive summary of the ALJ's opinion.

    2.    <u>Joint Stipulated Statement of Facts</u>

Plaintiff shall provide the Commissioner with a statement of all facts which Plaintiff will rely on to support Plaintiff's position as to each disputed issue with citations to the Administrative Record.  It is helpful to the Court if the facts in the treatment records are stated chronologically, although it may be necessary in complicated records to state the facts under subheadings, such as Physical Impairments or Mental Impairments.  The relevant medical history should be written in plain English and any medical terms should be defined.  It is also helpful to the Court if the professionals whose records or testimony are part of the record relied upon by the parties are identified by their title or area of expertise, for example, M.D., chiropractor, or vocational expert.

After Plaintiff serves the Commissioner with its version of the Joint Stipulation, the Commissioner may then add to the Plaintiff's statement of facts by including any additional facts on which the Commissioner will rely to support the Commissioner's position as to each disputed issue. Any new facts must be inserted in the chronologically appropriate place in the Plaintiff's statement of facts.

If the Commissioner objects to a statement of fact set forth by Plaintiff, the parties must confer in a good-faith effort to resolve the objection.  If the parties are not able to resolve the objection, the parties may state objections to particular facts in appropriate footnotes.

    3.    <u>Statement of Disputed Issues</u>

Plaintiff shall identify and frame, in a neutral fashion, each of the disputed issues that Plaintiff will be raising as the grounds for reversal and/or remand.  [For example: "Issue No. 1 –

Whether the ALJ properly evaluated Plaintiff's subjective complaints of pain"].  *The Court will not consider any grounds for reversal that are not set forth in the Statement of Disputed Issues.*

    4.    <u>Issues and Contentions</u>

        a.  Issue No. 1 [The heading shall conform to the first issue listed in the Statement of Disputed Issues.]

            i.  Plaintiff's Contentions Regarding Issue No. 1  [Plaintiff shall concisely set forth his or her contentions (including citations to the page(s) of the Administrative Record where cited evidence is found, complete citations to relevant legal authority, and definitions of medical terminology).]

            ii.  Commissioner's Contentions Regarding Issue No. 1  [The Commissioner shall concisely set forth her contentions (including citations to the page(s) of the Administrative Record where cited evidence is found, complete citations to relevant legal authority, and clear definitions of medical terminology).]

            iii.  Plaintiff's Reply Regarding Issue No. 1 [Plaintiff may, but is not required to, reply to the contentions actually raised by the Commissioner; provided, however, that any such reply does not exceed 28 continuous lines of text per issue.]

        b.  Issue No. 2, etc. [Repeat the foregoing as needed.]

    5.    <u>Relief Requested</u>

        a.  Plaintiff's statement of relief requested.

        b.  The Commissioner's statement of relief requested.

    C.    <u>Schedule for Preparation and Filing of Joint Stipulation</u>

The Joint Stipulation shall be prepared and electronically filed according to the following schedule:

    1.    **By March 6, 2023**, Plaintiff's counsel shall deliver to the assigned government attorney a draft of Plaintiff's portions of the Joint Stipulation (prepared as described in section III(B)).  If the relief requested is a remand for the consideration of new evidence, Plaintiff's counsel also shall provide a description and copy of the new evidence upon which Plaintiff relies. Plaintiff's counsel shall provide the government attorney with an electronic and printed copy of Plaintiff's portions of the Joint Stipulation.  The draft of Plaintiff's portions of the Joint Stipulation shall comply with the format and content requirements set forth elsewhere in this Order.

2. **Within 30 days after Plaintiff provides the draft of Plaintiff's portions of the Joint Stipulation to the assigned government attorney, i.e., by April 5, 2023,** the Commissioner shall provide to Plaintiff's counsel the Commissioner's portions of the Joint Stipulation and shall deliver an electronic and printed copy of the Commissioner's portions of the Joint Stipulation to Plaintiff's counsel.[2]

3. **Within 14 days after the Commissioner provides Plaintiff's counsel with the Commissioner's portions of the Joint Stipulation, i.e., by April 19, 2023,** Plaintiff's counsel shall incorporate into the Joint Stipulation any reply that Plaintiff may wish to make to the Commissioner's contentions, and shall deliver a completed copy of the Joint Stipulation signed by Plaintiff to the government attorney for review, signature, and electronic filing. Plaintiff shall not use the reply to raise new issues that the Commissioner has not had an opportunity to address.

4. Within 3 days of delivery by Plaintiff's counsel of the signed Joint Stipulation**, i.e., by April 24, 2023,** the government attorney shall sign and electronically file the Joint Stipulation.

5. Unless otherwise ordered, the issues presented in the Joint Stipulation will be deemed submitted for decision without oral argument.

6. Requests for extensions of the deadlines set by this scheduling order may be granted by the Court, <u>but only if made at least 3 days in advance of the deadline and good cause is provided for the request</u>. Wherever possible, an extension request should be made in the form of a proposed stipulation and order. The parties are expected to reasonably cooperate with each other.

### IV.     Consent to Decision by Magistrate Judge Under 28 U.S.C. § 636(c)

The parties shall advise the Court as to whether they jointly consent to decision of this action by a United States Magistrate Judge (that is, the undersigned), pursuant to the consent form available on the Southern District website at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge. If both parties consent, they should complete counterparts of the form and return it to the assigned district judge for approval, with a copy to my chambers. If either or both parties do not consent, counsel for Plaintiff shall report to chambers that the parties do not consent, without indicating any particular party's consent or non-consent. This Order is not meant to interfere in any way with the parties' absolute right to

---

[2] The Court recognizes that differing word-processing platforms may make incorporation of the entire Joint Stipulation into a single electronic document difficult. If the parties do not use the same word-processing platform, the parties may break the Joint Stipulation into different sections on different pages as necessary.

decision by a United States District Judge, but is merely an attempt at preserving scarce judicial resources and reminding the parties of their option pursuant to 28 U.S.C. § 636(c).

      Plaintiff shall notify the Court, in writing, whether the parties consent no later than the date by which the Joint Stipulation is filed**, i.e., by April 24, 2023.**

      **SO ORDERED.**

                           *s/ Ona T. Wang*

Dated: January 3, 2023                     **Ona T. Wang**
     New York, New York             United States Magistrate Judge